R. Michael Ghilezan, Esq. (SBN 282340)
**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
Tel.:   (888) 846-8901
Fax:   (888) 846-8902
Email:        mghilezan@attorneygl.com

Attorneys for Plaintiffs
CULVER CLINIC DEVELOPMENT, INC.,
WMC CLINIC DEVELOPMENT, INC.,
MARINA CLINIC DEVELOPMENT, INC.,
REDONDO CLINIC DEVELOPMENT,
INC., SANTA MONICA CLINIC
DEVELOPMENT, INC., and SOUTH OC
CLINIC DEVELOPMENT, INC.

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CULVER CLINIC DEVELOPMENT, INC., WMC CLINIC DEVELOPMENT, INC., MARINA CLINIC DEVELOPMENT, INC., REDONDO CLINIC DEVELOPMENT, INC., SANTA MONICA CLINIC DEVELOPMENT, INC., and SOUTH OC CLINIC DEVELOPMENT, INC. | Case No. 2:21-cv-08374-DSF-GJS [Assigned to the Hon. Dale S. Fischer] |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| v. | **1. VIOLATION OF CAL. BUS & PROF. CODE §§ 17500, ET SEQ.)** |
| HARMS SOFTWARE, INC. d/b/a MILLENNIUM SYSTEMS, INC., OC DEVELOPMENT GROUP, LLC, FRANCHISE MANAGEMENT GROUP, INC., and DOES 1-10, inclusive, | **2. NEGLIGENT MISREPRESENTATION**<br>**3. BREACH OF WRITTEN CONTRACT**<br>**4. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| Defendants. | **5. BREACH OF IMPLIED WARRANTY OF   MERCHANTABILITY** |

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

**6. BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**7. UNJUST ENRICHMENT – IN THE ALTERNATIVE**
**8. PROFESSIONAL NEGLIGENCE**
**9. NEGLIGENCE**

Plaintiffs, Culver Clinic Development, Inc., WMC Clinic Development Inc., Marina Clinic Development, Inc., Redondo Clinic Development, Inc., Santa Monica Clinic Development, Inc., and South OC Clinic Development, Inc. (collectively, "Plaintiffs") bring this action against Defendants, Harms Software, Inc. d/b/a Millennium Systems, Inc., OC Development Group LLC and Franchise Management Group, Inc., and state as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff, Culver Clinic Development, Inc. (Plaintiff "Culver Clinic") is a California corporation with its principal place of business in Los Angeles County, California.

2.      Plaintiff, WMC Clinic Development, Inc. (Plaintiff "WMC Clinic"), is a California corporation with its principal place of business in Los Angeles County, California.

3.      Plaintiff, Marina Clinic Development, Inc. (Plaintiff "Marina Clinic"), is a California corporation with its principal place of business in Los Angeles County, California.

4.      Plaintiff, Redondo Clinic Development, Inc. (Plaintiff "Redondo Clinic"), is a California corporation with its principal place of business in Los Angeles

County, California.

5. Plaintiff, Santa Monica Clinic Development, Inc. (Plaintiff "Santa Monica Clinic", and together with Plaintiffs Culver Clinic, WMC Clinic, Marina Clinic and Redondo Clinic, the "Los Angeles County Plaintiffs"), is a California corporation with its principal place of business in Los Angeles County, California.

6. Plaintiff, South OC Clinic Development, Inc. (Plaintiff "OC Clinic"), is a California corporation with its principal place of business in Orange County, California.

7. Defendant, Harms Software, Inc. d/b/a Millennium Systems International ("MSI"), is a New Jersey corporation with a principal place of business in Parsippany, New Jersey, and conducts substantial business in the State of California.

8. Defendant OC Development Group LLC ("OCDG") is a California limited liability company with a principal place of business in Los Angeles County, California. On information and belief, and based on a review of documents filed by OCDG with the California Secretary of State, including its 2016 Statement of Information and its 2020 Statement of No Change, Carol Susan Warren is the Chief Executive Officer, as well as a member of OCDG. On information and belief, Warren resides at 9991 Liebe Dr, Beverly Hills, California, 90210. Because the citizenship of a limited liability company is the citizenship of its members, OCDG is a citizen of California as Warren is a citizen of California. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

9. Defendant Franchise Management Group Inc. ("FMG" and together with Defendant OCDG, the "Regional Developers") is a company incorporated in California, with its principal place of business located at 333 North Brand Boulevard, Glendale, California, 91203. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business, therefore

**FIRST AMENDED COMPLAINT**

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

Defendant FMG is a citizen of California. *See* 28 U.S.C.§ 1332(c)(1); *see also New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10 are unknown to Plaintiffs, who therefore sue the DOE Defendants by fictious names.

11. Plaintiffs are informed and believes, and thereon allege, that DOES 1 through 5 are the partners, owners, shareholders, or managers of Defendant OCDG, and were acting on behalf of OCDG at all relevant times herein.

12. Plaintiffs are informed and believes, and thereon allege, that DOES 6 through 10 are the partners, owners, shareholders, or managers of Defendant FMG, and were acting on behalf of FMG at all relevant times herein.

13. Plaintiffs originally filed this action in the Superior Court of the State of California in Los Angeles County on February 24, 2021. On October 22, 2021, Defendant MSI removed this action to this Court, alleging federal jurisdiction under diversity of citizenship as defined in 28 U.S.C.§ 1332.

14. Given that Plaintiffs have added two companies that are California citizens—the Regional Developers—as Defendants in this Action, this Court no longer has jurisdiction over this matter under 28 U.S.C.§ 1332. As such, Plaintiffs respectfully request that the Court remand this Action back to California State Court.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15. Plaintiffs incorporate herein by reference as though fully set forth the preceding paragraphs.

16. Plaintiffs Culver Clinic, Santa Monica Clinic and WMC Clinic are current franchisees of ME SPE Franchising, LLC, previously doing business as Massage Envy Franchising LLC ("Massage Envy" or "Franchisor").

17. Plaintiffs OC Clinic, Marina Clinic and Redondo Clinic were franchisees of Massage Envy until they were forced to shut down their operations in 2020.

18. MSI owns, operates, markets, and distributes the point-of-sale product, service and/or system known as "Meevo" ("Meevo").

19. The Meevo trademark is owned by MSI and is registered for "Software as a service (SAAS) services featuring software for point-of-sale systems, inventory management, appointment and reservation booking management, employee and human resources management, business goals tracking, and daily task management."

20. MSI has produced, provided and hosted several demonstrations of Meevo to Massage Envy and its franchisees, including without limitation, in-person demonstrations in 2018 and 2019 to Plaintiffs at their respective locations.

21. MSI purposefully directs its activities to businesses and residents of California.

22. MSI has provided in-person and online demonstrations and support to the Plaintiffs and their employees and representatives in California.

23. These demonstrations and trainings held by MSI included without limitation, providing information relating to the functionality, capabilities, and implementation of Meevo through interactive walk-throughs.

24. MSI has actively and purposely promoted and marketed its products, software, and services to Massage Envy franchisees, including Plaintiffs, and other businesses throughout the State of California.

25. A significant portion of MSI's overall sales, service and support occur in California.

26. Approximately ten percent (10%) of MSI's sales, services and support to the Massage Envy network occur in California.

27. MSI's website provides that its software "is utilized in thousands of salons and spas in over 36 countries and processes billions of transactions per year."

28. MSI has substantial contacts with the State of California and its residents.

29. On September 28, 2018 Plaintiffs attended a Meevo presentation styled

**FIRST AMENDED COMPLAINT**

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

as a "roadshow" in Orange County, California. During that presentation, which contained both verbal communications and visual displays of information, an employee of MSI whose identity is not presently known to Plaintiffs, made numerous representations regarding Meevo's capabilities, including that Meevo would transform their businesses and would improve upon and adequately conduct the functions and capabilities needed for the business, including without limitation, point-of-sale transactions, charge dues and fees, process refunds and cancellations, conduct inventory management, book and manage appointments, provide employee and human resources data and payroll information and reports, communicate with clients, manage client and member information and transactions, coordinate and document clients' individual needs and requests, process and report franchise related payments (e.g. royalties, transfer amounts,  generate accurate reports and data) and provide other functions and capabilities (collectively the "Meevo Functions").

30.     On or about April 4, 2017 MSI participated in the Massage Envy Annual Franchisee Meeting held at the Gaylord Palms Resort and Convention Center in Orlando, Florida, where MSI set up a vendor booth. On this day, a number of MSI employees including John Harms demonstrated the use of Meevo to Kimberley White, a representative of all Plaintiffs in this action, using both verbal communications and visual displays of information. During the demonstration, John Harms verbally  falsely represented that MSI's technology could safely, lawfully and adequately migrate the data from MSI's prior system (Millennium) to Meevo and implement Meevo with the Meevo Functions in Plaintiffs' businesses and the franchise network (collectively the "Meevo Implementation").

31.     On or about April 25, 2018 MSI again participated in the Massage Envy Annual Franchisee Meeting held in Grapevine, Texas, where MSI set up a vendor booth. On this day, a number of MSI employees including John Harms demonstrated the use of Meevo to Kimberley White, who attended the conference on behalf of all Plaintiffs, using both verbal communications and visual displays of information.

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

6

During the demonstration, John Harms repeated the representations about Meevo as allege in Paragaph 30 of this FAC. He further falsely represented to Plaintiffs that Meevo would improve their business operations and sales, and improve functionality in their management reporting and services.

32.     MSI falsely represented that by subscribing to Meevo, the Plaintiffs' businesses would realize substantial improvements in revenue.

33.     After MSI induced Plaintiffs with its false claims and representations relating to Meevo, the Meevo Functions and the Meevo Implementation, Plaintiffs executed a Subscription Agreement with MSI for Meevo and MSI products and services.

34.     The Subscription Agreement was signed by Plaintiffs in California.

35.     Plaintiffs each pay monthly fees to MSI for Meevo services, products, and support. Under Section 4 of the SA, "[p]ayment for [Plaintiffs'] Subscription Agreement is made through Massage Envy Franchising," who then remits the payment to MSI.

36.     After subscribing to the Meevo system for their clinics, the Plaintiffs closed their clinics for three days in late-February 2019 to effectuate the Meevo Implementation, which implementation began to take place on February 26, 2019 (the "Meevo Launch").

37.     Shortly after the Meevo Launch, Plaintiffs began to encounter significant and serious defects, malfunctions, and irregularities with Meevo and the Meevo Functions.

38.     These malfunctions, issues, irregularities, and defects include without limitation: (i) frozen functionality associated with Meevo requiring regular restarts and refresh; (ii) inadequate and incorrect migration, management, and processing of historical data, information, and transactions; (iii) MSI's failure to adequately and/or timely address the myriad of service requests and issues; (iv) failure to migrate information or corruption of data and information; (v) mishandling of franchise

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

7

related fees and payments; (vi) inadequate, diminished and defective reporting; (vii) inadequate, untimely or ineffective training, services, products and support; and (viii) failure to correct issues and errors in a timely or effective manner.

39.     Because of the numerous and constant flaws and issues with Meevo, and other products and services and the Meevo Implementation, Plaintiffs have encountered numerous issues with Plaintiffs' businesses and their clients, including without limitation, cancellations, negative feedback, increased expenses, loss of reputation and loss of goodwill.

40.     MSI failed to take appropriate steps to effectively and timely remedy the pervasive issues with Meevo and the Meevo Implementation, causing further disruption to Plaintiffs' businesses.

41.     As a result of the severe defects with Meevo and the Meevo Implementation, including without limitation, the migration of data and information, Plaintiffs suffered numerous and extensive losses and damages.

42.     Plaintiffs incurred significant and substantial expense, damages, and losses, including without limitation, lost business, reputational damage, lost or corrupted data, operational issues, lost revenue, and extensive labor costs incurred in addressing complaints and resolving issues.

43.     Because of the defects, malfunctions, issues and false information communicated to Plaintiffs, Plaintiffs lost substantial business and revenue for the months and years following the Meevo Implementation and, unlike the representations made to Plaintiffs, did not experience the improvements or benefits to their business revenue or business operations. On the contrary, Plaintiffs lost significant business, faced a decline in revenues, experienced a dramatic increase in service issues, and incurred significantly increased expenses, all causing Plaintiffs mental anguish, stress, and injury, above and beyond monetary damages.

44.     Plaintiffs have been damaged in an amount to be proven at trial, but in excess of $25,000.

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

45.     Massage Envy has a three-tier franchise system in certain regions, including in California. Under this three-tier system, Massage Envy, as the franchisor, uses regional developers to perform certain services for the franchisees, for which the regional developers are remunerated a percentage of the royalty fees paid by all franchisees in their territory.

46.     Defendant OCDG was the regional developer responsible for Plaintiff OC Clinic until March 2020 when said Plaintiff ceased operations.

47.     Defendant FMG is the regional developer responsible for all Plaintiffs other than OC Clinic.

48.     The Regional Developers assisted Massage Envy in the preparation and rollout of Meevo. On information and belief, they had special knowledge and information about Meevo prior to the Meevo Launch that Massage Envy franchisees, including Plaintiffs, did not have access to. On information and belief, this special knowledge included demos of Meevo pre-launch, advanced reports of Meevo test results and additional information shared by Massage Envy with the Regional Developers but not with its franchisees.

49.     Plaintiffs, as franchisees inside of the Regional Developers' territories, were directed by their respective Regional Developers to reach out to their respective Regional Developer with any issues they may have after implementation. This was communicated to the Los Angeles County Plaintiffs by Helen McDonagh, acting on behalf of Defendant FMG, and to OC Clinic by Carol Warren, acting on behalf of Defendant OCDG.

## FIRST CAUSE OF ACTION

### (Violation of Cal. Bus & Prof. Code §§ 17500, et seq.)

50.     Plaintiffs incorporate herein by reference as though fully set forth the preceding paragraphs. This cause of action is brought by Plaintiffs against Defendant MSI.

51.     MSI, through its representatives, including John Harms and other MSI

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

9

employees whose identity is not presently known to Plaintiffs, as alleged in more details in the previous paragraphs, intentionally made untrue and misleading statements to Plaintiffs about the nature of Meevo and its capabilities and suitability for Plaintiffs' business with the intent to induce Plaintiffs into purchasing Meevo and entering into the Subscription Agreement and engaging in the Meevo Implementation.

52.   MSI knew or should have known that Meevo and the Meevo Implementation did not and could not perform as advertised and represented by MSI through its numerous misleading and false statements in violation of Cal. Bus. & Prof. Code §17500.

53.   The statements made by MSI's representatives, including John Harms, concerning Meevo and the Meevo Implementation and other products and services to each of the Plaintiffs were false and/or had a tendency to deceive or confuse the Plaintiffs.  MSI's representatives, including John Harms, made these statements with the intention to deceive Plaintiffs and to commit a fraud on Plaintiffs. In making these statements, MSI acted with malice, oppression and fraud. As such, Plaintiffs are entitled to recover punitive damages against MSI.

54.   As a direct and proximate result of MSI's false advertising and intentional misrepresentations, Plaintiffs have been injured and lost funds, to which they are entitled to a full restitution of sums paid to MSI.

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation)

55.   Plaintiffs incorporate herein by reference as though fully set forth the preceding paragraphs. This cause of action is brought by Plaintiffs against Defendant MSI.

56.   MSI, through its representatives, including John Harms and other MSI employees whose identity is not presently known to Plaintiffs, consistently made statements and representations that misrepresented material facts to Plaintiffs about

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

10

Meevo, MSI products and services and the Meevo Implementation without any reasonable basis for believing such statements were truthful.

57.     MSI's negligent misrepresentations were made with the intent to induce Plaintiffs' reliance on the misrepresented facts.

58.     As spa businesses, Plaintiffs reasonably and justifiably relied on MSI's representations about Meevo and other products and services and how it could allegedly improve their businesses and that the Meevo Implementation would work and would effectively allow the Plaintiffs to conduct their businesses as intended and as represented by MSI.

59.     Plaintiffs' reliance on MSI's negligent misrepresentations were to Plaintiffs' detriment, and they each suffered injury and damages as a direct and proximate result of such reliance.

## THIRD CAUSE OF ACTION
### (Breach of Written Contract)

60.     Plaintiffs incorporate herein by reference as though fully set forth the preceding paragraphs. This cause of action is brought by Plaintiffs against Defendant MSI.

61.     Plaintiffs executed the MSI Subscription Agreement for Meevo on or about October 10, 2018. *See* **Exhibit 1** for a true and correct copy of the Subscription Agreement.  Under the terms of the MSI Subscription Agreement, MSI agreed to provide the Meevo products and services, which included without limitation, the Meevo Functions.  Each of the Plaintiffs agreed to pay for and use Meevo, including without limitation, the Meevo Functions.

62.     Furthermore, MSI agreed that the Meevo Implementation would work effectively and adequately after a 3-day period of shut-down and that Plaintiffs' data and information would be properly migrated from the prior MSI product (Millennium) to the new product, Meevo.

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

11

63.     Furthermore, MSI agreed to provide Meevo consistency across the franchise network, provide a better experience for members and guests and improve the Plaintiffs' businesses.

64.     MSI agreed to provide and support Meevo, including without limitation, the Meevo Functions, the Meevo Implementation for Plaintiffs and their businesses.

65.     Since entering into the MSI Subscription Agreement, Plaintiffs have fully performed their obligations under the terms of the agreement.

66.     MSI breached the terms of the Subscription Agreement and its representations and promises by failing to produce and deliver the products and services and by failing to perform its obligations and duties as agreed or as promised.

67.     As a direct and proximate result of MSI's breach, Plaintiffs have suffered injury and damages.

68.     As a direct and proximate result of MSI's breach, Plaintiffs are entitled to actual damages to compensate them for their losses resulting from MSI's breaches.

## **FOURTH CAUSE OF ACTION**

### (**Breach of Implied Covenant of Good Faith and Fair Dealing**)

69.     Plaintiffs incorporate herein by reference as though fully set forth the preceding paragraphs. This cause of action is brought by Plaintiffs against Defendant MSI.

70.     Plaintiffs executed the MSI Subscription Agreement for Meevo on or about October 10, 2018.  Under the terms of the MSI Subscription Agreement, MSI agreed to provide the Meevo products and services, which included without limitation, the Meevo Functions.  Each of the Plaintiffs agreed to use Meevo, including without limitation, the Meevo Functions.

71.     Furthermore, MSI agreed that the Meevo Implementation would work effectively and adequately after a 3-day period and that Plaintiffs' data and information would be adequately and properly migrated from the prior MSI product

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

12

(Millennium) to the new product, Meevo.

72.   Furthermore, MSI agreed to provide Meevo to provide consistency across the franchise network, provide a better experience for members and guests and improve the Plaintiffs' businesses, among other things.

73.   MSI agreed to provide and support Meevo, including without limitation, the Meevo Functions, the Meevo Implementation for Plaintiffs and their businesses.

74.   Since October 10, 2018, Plaintiffs have fully performed their obligations under the terms of the Subscription Agreement.

75.   Since the execution of the MSI Subscription Agreement, MSI has engaged in conduct which resulted in the interference and frustration of Plaintiffs' right to receive the full benefits of their bargain under the MSI Subscription Agreement and other promises and representations made by MSI, including without limitation: (i) frozen functionality associated with Meevo requiring regular restarts and refresh; (ii) inadequate and incorrect migration, management, and processing of historical data, information, and transactions; (iii) MSI's failure to adequately and/or timely address the myriad of service requests and issues; (iv) failure to migrate information or corruption of data and information; (v) mishandling of franchise related fees and payments; (vi) inadequate, diminished and defective reporting; (vii) inadequate, untimely or ineffective training, services, products and support; and (viii) failure to correct issues and errors in a timely or effective manner.

76.   MSI's breach of the implied covenant of good faith and fair dealing by interfering and frustrating Plaintiffs' reasonable expectation concerning Meevo, which proximately caused Plaintiffs to suffer harm and injury.

## **FIFTH CAUSE OF ACTION**

### **(Breach of Implied Warranty of Merchantability)**

77.   Plaintiffs incorporate herein by reference as though fully set forth the preceding paragraphs. This cause of action is brought by Plaintiffs against Defendant

13

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

MSI.

78.     At the time of Plaintiffs' agreement to purchase and subscribe to Meevo from MSI, described in detail above, the Meevo delivery to Plaintiffs and the Meevo Implementation was accompanied by the implied warranty of merchantability that the Meevo product and Meevo Implementation would pass without objection in Plaintiffs' businesses, and would be fit for the ordinary purpose for which the Meevo product and Meevo Implementation were intended, and would conform to the representations made by MSI.

79.     This implied warranty of merchantability was breached by MSI because the Meevo product and the Meevo Implementation in practice were objectionable as to the uses represented by MSI and is not suitable for its ordinary purpose for which it was created for the reasons described above.

80.     Because of MSI's breach of the implied warranty of merchantability, Plaintiffs are entitled to reject the Meevo product and Meevo Implementation and/or cancel the Subscription Agreement at this time, and/or recover the purchase price plus both incidental and consequential damages.

## SIXTH CAUSE OF ACTION

### (Breach of Implied Warranty of Fitness For A Particular Purpose)

81.     Plaintiffs incorporate herein by reference as though fully set forth the preceding paragraphs. This cause of action is brought by Plaintiffs against Defendant MSI.

82.     At the time Plaintiffs purchased the Meevo product from MSI, the Meevo transaction included an implied warranty of fitness for a particular purpose, which was to assist Plaintiffs' businesses in California, including but not limited to, assisting with the sales transactions, charging dues and fees, processing and reporting franchise related payments and other Meevo Functions.

83.     At the time Plaintiffs' entered into the Subscription Agreement with

**FIRST AMENDED COMPLAINT**

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

MSI, MSI knew of the particular purpose for which Plaintiff intended to use the Meevo product in the context of each of the Plaintiffs' businesses.

84.     Plaintiffs reasonably relied on MSI's expertise and judgment in selecting and developing the particular Meevo product and the Meevo Implementation and capabilities for each of the Plaintiffs' businesses and the franchise network.

85.     MSI breached the implied warranty of fitness for a particular purpose because the Meevo product and other products and services and the Meevo Implementation did not comply with the particular needs which MSI knew were required for Plaintiffs' businesses.

86.     MSI's breach of the implied warranty of fitness for a particular purpose proximately caused Plaintiffs' to suffer injury and entitles Plaintiffs to reject the products and services and Meevo Implementation and/or cancel the Subscription Agreement and/or to recover the purchase price plus both incidental and/or consequential damages suffered as a result of MSI's breach.

## SEVENTH CAUSE OF ACTION

### (Unjust Enrichment – *in the alternative*)

87.     Plaintiffs incorporate herein by reference as though fully set forth the preceding paragraphs. This cause of action is brought by Plaintiffs against Defendant MSI.

88.     MSI, by the actions alleged herein, has received a benefit from Plaintiffs' operations under such circumstances that in equity and good conscience MSI cannot retain that benefit and the profits/revenues therefrom and which in justice and fairness belongs to Plaintiffs. Namely, Plaintiffs have each paid monthly fees for Meevo services, products, and support.

89.     MSI's actions alleged herein were performed without the consent or authorization of Plaintiffs, was not a gift by Plaintiffs, was not voluntary on the part of Plaintiffs, and was not compensation or consideration in any manner whatsoever.

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

MSI's ill-gotten profits off of Plaintiffs' operations were entirely unearned and without justification.

90.     MSI has been unjustly enriched and should be required to make restitution to Plaintiffs in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### (Professional Negligence)

91.     Plaintiffs incorporate herein by reference as though fully set forth the preceding paragraphs. This cause of action is brought by Plaintiffs against Defendant MSI.

92.     California law recognizes that professional negligence can be pursued in contract and in tort.

93.     Within the software development industry, of which Harms is a member, there are accepted standards for skill, prudence and diligence that govern and apply to the work and conduct of software implementation professionals such as the employees and contractors who were assigned to the Meevo Implementation by MSI. In their work and conduct on the Meevo Implementation, Harms failed to adhere to, work pursuant to, employ and utilize this standard skill, prudence and diligence in designing, configuring, coding, testing, building and implementing the Meevo Launch; in managing the Meevo Implementation; and in identifying, managing and mitigating risk on the Meevo Implementation. Harms' failures include the previous allegations in this FAC, as well as delivering a defective software system caused by a failure to use basic quality controls that are accepted in the software development industry.

94.     Harms knew that the services it was providing and the software solution it was designing and implementing was for franchisees of Massage Envy, including Plaintiffs, and that Plaintiffs and the other franchisees would suffer harm if those services and the software solution were provided negligently. It was reasonably

16

foreseeable that Plaintiffs' losses would include loss of revenue, loss of customers, loss of reputation, impairments to Plaintiffs' operational efficiency, and the continued costs of maintaining Meevo.

95.     Harms' breaches of the professional standards applicable to its industry resulted in damages to Plaintiffs, including the fees Plaintiffs paid for Meevo, and are still paying to-date (for the Plaintiffs who are still in operation) for a software solution that has been unstable, unusable, defectively designed, defectively configured, defectively coded, defectively integrated and deficiently tested, on a project that was deficiently managed. Plaintiffs suffered additional losses due to losing customers who were wronged by Meevo, lost profits due to Meevo malfunctions, loss of reputation, majorly impaired operational efficiency of Plaintiffs' stores, and the continuing cost of maintaining Meevo and continually correcting its shortcomings.

96.     Plaintiffs seek compensatory and consequential damages for the losses they suffered as a result of MSI's professional negligence, in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### (Negligence)

97.     Plaintiffs incorporate herein by reference as though fully set forth the preceding paragraphs. This cause of action is brought by Plaintiffs against the Regional Developers and Does 1-10.

98.     The Regional Developers, by virtue of their role as the intermediary in Massage Envy's three-tiered structure between the franchisees—such as Plaintiffs—and the Franchisor, have a duty to use due care in their dealings with franchisees in their territories, which franchisees include all of Plaintiffs. Under this duty of care, the Regional Developers are responsible for assisting franchisees with the management, operations and training of the franchisees and their staff in the Regional Developers' territory, which territory encompasses all of Plaintiffs' franchises.

99.     The Regional Developers breached such legal duty by failing to alert

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

Plaintiffs of the ongoing issues with Meevo they were aware of pre-launch, by pushing Plaintiffs to switch to the Meevo POS knowing full well that the system did not operate as initially promised by MSI, and by failing to support Plaintiffs after the disastrous Meevo Launch.

100.   Plaintiffs were harmed, suffering both financial losses and, for Plaintiffs OC, Marina and Redondo Clinics, even a forced closure of their store and the cessation of operations as Massage Envy franchisees.

101.   The Regional Developers' negligence was a substantial factor in causing Plaintiffs' harm. As a result of the Regional Developers' negligence, Plaintiffs have been harmed in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial for all issues so triable that are raised herein or that hereinafter may be raised in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendant as follows:

1.   Actual damages, including their out-of-pocket loss and other damages arising from MSI's breach and negligence in an amount to be determined at trial, plus interest in the amount allowed by law;

2.   Actual damages, including their out-of-pocket loss and other damages arising from the Regional Developers' negligence in an amount to be determined at trial, plus interest in the amount allowed by law

3.   Recovery of the purchase price plus all incidental and consequential damages from MSI;

4.   For restitution of all monies due to Plaintiffs and disgorgement of all revenues and profits from the unlawful business practices of MSI;

5.   Punitive damages pursuant to Cal. Civ Code § 3294(b)(3) under the First

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

18

1   Cause of Action in an amount to be determined at trial;

2         6.    Other damages and relief for which Plaintiffs may be entitled;

3         7.    Reasonable costs of suit; and

4         8.    Such other and further relief that the Court may deem just and proper.

5   DATED:  November 19, 2021                    GLOBAL LEGAL LAW FIRM

6

7                           By:  _/s/R. Michael Ghilezan_

8                               R. Michael Ghilezan

9                               Attorneys for Plaintiffs
CULVER CLINIC DEVELOPMENT, INC.,

10   WMC CLINIC DEVELOPMENT, INC.,
MARINA CLINIC DEVELOPMENT, INC.,

11   REDONDO CLINIC DEVELOPMENT,
INC., SANTA MONICA CLINIC

12   DEVELOPMENT, INC., and SOUTH OC
CLINIC DEVELOPMENT, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

**FIRST AMENDED COMPLAINT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2021, the foregoing was served on all counsel of record via the Court's CM/ECF System

By: /s/ *R. Michael Ghilezan*

R. Michael Ghilezan, Esq.

**FIRST AMENDED COMPLAINT**

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

# EXHIBIT 1



**Franchised Location Usage of MEEVO**
**Subscription Agreement**

This Subscription Agreement (the "Subscription Agreement") establishes the terms and conditions under which the Massage Envy franchised location and franchisee (collectively, "you") are permitted to access and use Harms Software, Inc. (dba Millennium Systems International) ("MSI") Meevo products and services (collectively referred to as the "Services") and certain services provided by third parties with whom MSI has contracted ("Third Party Services") (the right to access and use the Services and Third Party Services are collectively referred to as your "Subscription"). By signing this Subscription Agreement, you agree to fully and timely comply with all your obligations regarding your Subscription. If you are accessing and using any Third Party Services (for example, SMS Messaging), you are also agreeing to comply with those Third Party Service Vendors' terms and conditions.

**Subscriber Acknowledgements Regarding Meevo & Third Party Services**

By signing this Subscription Agreement and agreeing to access and use Meevo, you are confirming that you understand, acknowledge, and agree that the Services are subject to the terms below:

1. **Prohibitions on Use.** You shall not:
   a) Make the Services or the documentation publicly available or grant access to the Services or the documentation in any manner not explicitly authorized herein;
   b) Copy, adapt, analyze, decompile, disassemble, reverse engineer, modify, translate (or the like) the Services or the documentation;
   c) Remove or transfer access to the Services from or to any other franchisee without MSI's express and prior written consent, and the termination or transfer of the applicable Subscription Agreement or, where necessary, the execution of a new Subscription Agreement;
   d) Transmit by any media, copy, or otherwise permanently or temporarily reproduce, in whole or in part, the Services or the documentation; or
   e) Re-use, distribute, or permit use or re-use of the Services by any third party other than the franchise location.

2. **Effect upon Termination of Franchise Agreement.** As of the effective date of such Franchise Agreement termination, the Subscription Agreement shall immediately terminate, and you shall promptly return to MSI any Meevo documentation in your possession. MSI acknowledges that a terminated franchisee may be permitted to operate for a temporary period following termination of the Franchise Agreement, and if Massage Envy Franchising, LLC determines, in its sole and absolute discretion, that such permission should be granted, the terminated franchisee will be granted access to the Services such temporary period (and continue to pay any fees for access during such temporary period).

3. **Effect of the Sale or Transfer of Franchise.** Upon the sale or other transfer by a franchisee to a third party ("Transferee") of the franchisee's rights under its Franchise Agreement, such franchisee's Subscription Agreement may be assigned to such Transferee, provided that (i) such Transferee enters into a Subscription Agreement; and (ii) Transferee pays MSI an Administration Fee of One Hundred Fifty (S150.00) Dollars prior to MSI granting access to the Services to said Transferee. You shall provide Massage Envy Franchising, LLC with not less than seven (7) days advance written notice requesting the transfer of this Subscription Agreement ("Transfer Notice"). The Transfer Notice shall include information regarding such transfer, including, but not limited to the effective date of such transfer, the contact information for the Transferee, and a copy of the Subscription Agreement duly executed by Transferee. MSI shall issue an invoice for the Administration Fee, which shall be due upon receipt.

4. **Payment.** Payment for your Subscription Agreement is made through Massage Envy Franchising, LLC, pursuant to your Technology Investment and Billing Addendum.

5. **SMS Messaging.** By agreeing to access and use SMS Messages, you understand, acknowledge, and agree that those services are Third Party Services offered by MSI, and subject solely to the Terms of Service, located at www.millenniumsi.com/terms-of-service/text, as same may be updated or amended from time to time.

6. **Third Party Beneficiary.** You understand and agree that MSI is a third-party beneficiary to this Agreement and is entitled to the rights and benefits hereunder and may enforce the provisions hereof as if it were a party hereto.

You further understand, acknowledge, and agree that MSI is not responsible or liable for Third Party Services, and that you must look directly to Third Party Service Vendors regarding my access to and use of any Third Party Services. Please reference https://www.millenniumsi.com/terms-of-service for additional information.

The undersigned hereby confirms that the undersigned is duly authorized to execute this Subscription Agreement on behalf of the franchised location, to bind the franchisee to the terms and conditions herein, and to cause compliance by the franchisee of the terms and conditions herein.

**AUTHORIZED SIGNATORY:**

**PRINTED NAME:**
Kim White

**SIGNATURE:**
*Kim White*
Kim White (Oct 10, 2018)

**TITLE:**
President

**DATE:**
10/10/18

**LOCATION NUMBER:**
0392, 0435, 0436, 0489, 0772, 0811