**Jennifer N. Yencarelli (SBN 330964)**
*jnyencarelli@ww.law*
**Samantha L. Weinstein (SBN 333880)**
*slweinstein@ww.law*
**WOLFE & WYMAN LLP**
**2301 Dupont Drive, Suite 300**
**Irvine, California 92612-7531**
**Tel: (949) 475-9200**
**Fax: (949) 475-9203**

**Attorneys for Defendant**
**MILLENNIUM SYSTEMS INTERNATIONAL, LLC, f/k/a HARMS**
**SOFTWARE, INC., d/b/a MILLENNIUM SYSTEMS, INC.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CULVER CLINIC DEVELOPMENT, INC., WMC CLINIC DEVELOPMENT, INC., MARINA CLINIC DEVELOPMENT, INC., REDONDO CLINIC DEVELOPMENT, INC., SANTA MONICA CLINIC DEVELOPMENT, INC., and SOUTH OC CLINIC DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HARMS SOFTWARE, INC., d/b/a MILLENNIUM SYSTEMS, INC., <br><br> Defendant. | Case No.: 2:21-cv-08374-DSF-GJS <br><br> Assigned to Hon. Dale S. Fischer <br><br> **DEFENDANT'S REPLY IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> Date:  November 29, 2021 <br> Time:  1:30 p.m. <br> Courtroom:  7D |

## I.  INTRODUCTION

Defendant MILLENNIUM SYSTEMS INTERNATIONAL, LLC, f/k/a HARMS SOFTWARE, INC., d/b/a MILLENNIUM SYSTEMS, INC. (hereinafter "Defendant MSI"), hereby submits its Reply brief in support of Defendant MSI's Rule 12(b)(6) Motion to Dismiss the Complaint of Plaintiffs Culver Clinic Development, Inc., WMC Clinic Development, Inc., Marina Clinic Development, Inc., Redondo

1

4101761.1

1   Clinic Development, Inc., Santa Monica Clinic Development, Inc., and South OC

2   Clinic Development, Inc.  (Dkt. 12)

3        Litigation is not a game. The federal courts are not a vehicle for plaintiffs to

4   resort to post-removal gamesmanship to destroy diversity jurisdiction.  However, that is

5   precisely what Plaintiffs hope to achieve by filing an untimely and procedurally

6   improper First Amended Complaint ("FAC").

7        By way of background, Plaintiffs filed their state court Complaint on February

8   24, 2021. (Dkt. 1-1)  Plaintiffs refused to amend their Complaint after two separate

9   telephonic conciliation calls with Defendant MSI's counsel—one in April 2021 for the

10  state court motion and another in October 2021 for the federal court motion. (Dkt. 12-1

11  ¶¶ 5, 12)    More specifically, defense counsel conferred with Plaintiffs' counsel

12  regarding the deficiencies in the Complaint on April 23, 2021.  Plaintiff refused to

13  amend their Complaint, which resulting in Defendant MSI filing a Demurrer to the

14  Complaint (Dkt. 1-8) and a Motion to Strike (Dkt. 1-9) on April 30, 2021. Plaintiffs'

15  Complaint contained the same substantive deficiencies when Defendant MSI removed

16  the action 192 days later, on October 22, 2021.  In compliance with this Court's

17  Standing Order (Dkt. 6), MSI re-noticed the pending motion to dismiss in accordance

18  with federal standards and filed the Motion to Dismiss *sub judice* on October 29, 2021,

19  after conducting another telephonic meet and confer with Plaintiffs' counsel.  (Dkt. 12)

20  Here again, Plaintiffs refused to amend their Complaint to cure the pleading defects

21  raised by Defendant MSI in two separate motions.  (Dkt. 12-1 ¶ 12)

22       As discussed further below, Defendant MSI submits the FAC is untimely,

23  remains subject to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), and

24  should be stricken because the addition of two California-based Defendants is clearly

25  aimed at destroying diversity jurisdiction.  *See Desert Empire Bank v. Ins. Co. of N.*

26  *Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (directing district courts to "look with

27  particular care at [a potential improper] motive in removal cases, when the presence of

28  a new defendant will defeat the court's diversity jurisdiction and will require a remand

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1  to the state court."); *see also* 28 U.S.C. § 1447(e).

2  **II.    LEGAL STANDARDS AND ANALYSIS**

3          **A.    Leave to Amend – FED. R. CIV. P. 15(a)**

4          Pursuant to Rule 15(a), a plaintiff can amend a complaint within 21 days after

5  serving it **or** 21 days after service of a motion under Rule 12(b), (e), or (f), ***whichever***

6  ***is earlier***."  FED. R. CIV. P. 15(a)(1).  In all other instances, "a party may amend its

7  pleading only with the opposing party's written consent or the court's leave." FED. R.

8  CIV. P. 15 15(a)(2).   Rule 15(a)(2)'s requirement regarding leave of court governs

9  amendment of pleadings in actions removed from state court.  *See Schnabel v. Lui*,

10  302 F.3d 1023, 1037 (9th Cir. 2002) (explaining "[w]hen a state court action is

11  removed to federal court, the removed action is treated as if the original action has

12  been commenced in federal court.").

13          Here, Plaintiffs served their Complaint on March 16, 2021.   (Dkt. 1-7)  As

14  noted, *supra*, Plaintiffs refused to amend their Complaint after a state court meet and

15  confer as well as the required Rule 7-3 conciliation of counsel following removal.

16  Additionally, Plaintiffs waited 268 after filing their original Complaint and 248 days

17  after serving Defendant MSI—until November 19, 2021—to file an amended

18  Complaint.  Clearly, 248 days after service of the Complaint falls far outside the 21-day

19  time period contemplated by Rule 15(a)(1)(A).  Because the federal court takes the

20  case as it finds it on removal and treats everything that occurred in the state court as if

21  it had taken place in federal court, Defendant MSI submits Plaintiffs should have

22  amended their Complaint within 21 days of the state court motion to dismiss, which

23  was filed on April 30, 2021.  (Dkt. 1-8)  *See* FED. R. CIV. P. 15 (a)(1)(B); *see also*

24  *Schnabel*, 302 F.3d at 1037.  The same arguments raised in the state court motion to

25  dismiss were raised in Defendant MSI's Rule 12(b)(6) motion to dismiss.

26  Consequently, Plaintiffs could not amend their Complaint as a matter of right and

27  required leave of court or Defendant MSI's consent to do so pursuant to FED. R. CIV.

28  P. 15 (a)(2).

**DEFENDANT'S REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

Plaintiffs were also served with a draft copy of Defendant MSI's Rule 12(b)(6) motion on October 23, 2021.  (Dkt. 12-1 ¶ 6)   Even after receiving MSI's Rule 12(b)(6) motion, Plaintiffs failed to address the pleading defects and refused to amend their Complaint when those defects were discussed with Plaintiffs' counsel during the October 28, 2021 conciliation conference required by Local Rule 7-3.  (*Id.* ¶ 12) Therefore, MSI avers Plaintiffs' procedurally improper FAC should not be considered by the Court in ruling on the instant motion because Plaintiffs' operative Complaint is the one filed in state court on February 24, 2021, which remains subject to dismissal.

**B.     Plaintiffs' Failure to Comply with the Local Rules and the Court's Standing Order**

As Defendant's Motion to Dismiss was set for hearing on October 29, 2021, Plaintiffs had up to and including November 8, 2021 to file their substantive opposition pursuant to C.D. CAL. L.R. 7-9.  Plaintiffs failed to do so.   Instead, Plaintiffs waited until November 10, 2021 to file a "Notice of Intent to File Amended Complaint." (Dkt. 15)  This is not the proper procedural vehicle to file an amended pleading.  Plaintiffs then waited until 10:38 p.m. on Friday, November 19, 2021 to file their FAC.  (*See* Dkt. 17) Defendant MSI also notes its Reply regarding the Motion to Dismiss was due on or before November 15, 2021.  C.D. CAL. L.R. 7-10.  However, due to Plaintiffs' non-compliance with the Court's Local Rules, Defendant MSI was unable to timely file a reply to Plaintiffs' Opposition because one was never filed.

Because Plaintiffs missed the deadline to file an amended complaint pursuant to FED. R. CIV. P. 15 (a)(1), they were required to seek leave of Court or Defendant MSI's consent.  Plaintiffs failed to do so.  With respect to leave of Court, MSI notes Plaintiffs' FAC fails to comply with this Court's Standing Order, which provides, *inter alia*:

The motion [amend pleadings] must state the effect of the amendment, and must state the page, line numbers and wording of any proposed change or addition of material. A "redlined" version of the proposed

**DEFENDANT'S REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

4101761.1

amended complaint must be delivered to Chambers (in paper form) and to Chambers email indicating all additions and deletions to the prior version of the pleading.

(Dkt. 6 ¶ 5)   Plaintiffs made no effort to adhere to the Court's Standing Order, which further warrants dismissal of their original operative Complaint.

Even assuming, *arguendo*, Plaintiffs sought leave of Court, their contractually based claims are still subject to dismissal given the absence of any contract between MSI and Plaintiffs and the express warranty disclaimers contained in the MSI/Massage Envy Software as a Service Agreement.   Stated differently, because MSI is not in privity of contract with Plaintiffs, Plaintiffs cannot state a claim for breach of written contract or any contractual duties against MSI.    Indeed, when claims in an amended complaint are substantially identical to the original complaint, the amended complaint will not moot the pending motion to dismiss.  *LeBarron v. Interstate Grp., LLC*, No 2:19-cv-1739, 2020 WL 2615900 at *3 (D. Nev. 2020); *Williamson v. Sacramento Mortg., Inc.*, No 10-CV-2600, 2011 WL 4591098 at *2 (E.D. Cal. 2011).   Regardless of which complaint the Court considers, the claims based on the existence of a contract between MSI and Plaintiffs remain subject to dismissal as do the claims for breach of contractual duties, the cause of action for unjust enrichment, and the cause of action for a purported violation of CAL. BUSINESS & PROFESSIONS CODE § 17500.

## C.   Plaintiffs' Purported Joinder of Non-Diverse Defendants is Clearly Aimed at Destroying Diversity

The Court should also consider whether leave would have been granted to Plaintiffs to file the FAC had they properly requested it.   Generally, leave to amend shall be freely given.   However, in removed cases, any amendment seeking leave to add a new defendant which will destroy the court's diversity jurisdiction is governed under a different standard.  *See, e.g., Desert Empir.*, 623 F.2d at 1376;  28 U.S.C. § 1447(e) (permitting courts to deny "joinder of additional defendants" if such joinder

**DEFENDANT'S REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

4101761.1

"would destroy subject matter jurisdiction."); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086-88 (C.D. Cal. 1999) (holding that amendment under Rule 15(a) should not be permitted where to do so would destroy diversity after removal because it "would allow a plaintiff to improperly manipulate the forum of an action").

Courts weigh numerous factors in determining whether to permit joinder of a non-diverse defendant who threatens to divest the Court of its jurisdiction, including: "(1) [w]hether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid." *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000). Applying the foregoing factors here, Plaintiffs should not be permitted to file a FAC 268 days after their original Complaint was filed and twenty-eight (28) days after Defendant MSI removed the case to destroy diversity.

**First,** the two newly added Defendants—OC Development Group, LLC and Franchise Management Group, Inc.—are not necessary parties. Plaintiffs do not allege either of these putative defendants were parties to the Subscription Agreement contract—which Defendant MSI reiterates on its face is between Massage Envy Franchising, LLC and Plaintiffs—and any conduct by these entities which caused or contributed to Plaintiffs' purported damages can be properly adjudicated in state court. Therefore, this factor does not favor amendment.

**Second,** there does not appear to be a statute of limitations issues in this case, and as result, this factor does no support amendment.

**Third,** there is unexplained delay is seeking the joinder and addition of these putative Defendants. Generally, courts consider the time between seeking leave to amend and the filing of the initial complaint and removal. *See Lara v. Bandit Indus.*,

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

*Inc.*, No. 2:12-cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013).  Here, there was  268 day delay since the original Complaint was filed before Plaintiffs even attempted to amend their Complaint.  This is untimely.  Moreover, the FAC was filed 28 days after the Notice of Removal was filed, which suggests unreasonable delay given the 6 ½ months that elapsed between the date Defendant MSI filed its motion to dismiss the state court action on April 30, 2021 and Plaintiffs' filing the FAC on November 19, 2021.   This chronology is undisputed and unequivocally demonstrates Plaintiffs only seek to add OC Development Group, LLC and Franchise Management Group, Inc. as defendants to destroy diversity.  Accordingly, this factor weighs against amendment.

**Fourth**, the joinder is intended solely to defeat diversity.  For many of the same reasons related to undue delay, discussed *supra*, this factor weighs against joinder. Nowhere in their original February 24, 2021 Complaint do Plaintiffs reference the conduct of other parties.  (*See* Dkt. 1-1)  Plaintiffs did not identify OC Development Group, LLC and Franchise Management Group, Inc. in any of their state court discovery responses, including in their Answers to Defendant MSI's Form Interrogatories inquiring about persons with knowledge regarding the facts giving rise to the allegations in the Complaint.  (*See* Dkt. 1-32 at p. 10-11; Dkt. 1-33 at 10-11; Dkt. 1-34 at 10-11; and Dkt. 1-35 at 10-11)    Therefore, the fourth factor clearly weighs against joinder and against the amendment.

**Fifth**, as the putative Defendants were disclosed for the first time on November 19, 2021, Defendant MSI cannot properly address the fifth factor regarding the validity of the claims against these defendants except to note OC Development Group, LLC and Franchise Management Group, Inc. were not mentioned in any of the discovery exchanged in the case to date or in the two-day deposition of the only fact witness deposed in the case to date.  Therefore, at best, this factor is neutral.   Based on an analysis of the factors set forth above, leave to amend to add OC Development Group, LLC and Franchise Management Group, Inc. would have been denied had

**DEFENDANT'S REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

Plaintiffs properly requested it.   Accordingly, the Court should not permit Plaintiffs' post-removal gamesmanship and efforts to eliminate diversity through the addition of sham defendants.

**Sixth**, requiring Plaintiffs to either forgo the claims against OC Development Group, LLC and Franchise Management Group, Inc. or pursue them in a separate litigation in state court will not prejudice Plaintiffs.  Forgoing a federal forum against a non-diverse defendant is not a loss because since such option would be unavailable anyway.  The only prejudice to Plaintiffs is litigating two suits with some overlapping facts.  However, Plaintiffs could have asserted claims against OC Development Group, LLC and Franchise Management Group, Inc. at the outset of the litigation or during any of the eight months the litigation was pending prior to the filing of the FAC on November 19, 2021 if the claims against these two putative defendants were intimately connected to the current claims. Consequently, this factor weighs against allowing amendment.

## II.    CONCLUSION

Plaintiffs refused to amend their Complaint after a meet and confer in April 2021 and after being served with a state court motion to dismiss on April 30, 2021. Similarly, Plaintiffs refused to amend their Complaint after being served with a draft of Defendant MSI's Rule 12(b)(6) Motion on October 23, 2021 and a Rule 7-3 conciliation conference of counsel on October 28, 2021.  Plaintiffs ignored their obligation to file an opposition to Defendant's Rule 12(b)(6) Motion in accordance with Local Rule 7-9, thereby destroying Defendant MSI's ability to timely file a reply. The timing and substance of Plaintiffs' conduct establishes Plaintiffs filed an untimely and procedurally improper FAC in an effort to defeat this Court's diversity.  The Court should not reward Plaintiffs' gamesmanship by allowing the amendment. Moreover, the Court should address the futility of an amendment with respect to Plaintiffs' causes of action, which remain subject to dismissal as the gravamen of Plaintiffs' Complaint is based upon the existence of a contract between Plaintiffs and

8

**DEFENDANT'S REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

1 | MSI, which the exhibit attached to Plaintiffs' Complaint clearly refutes.

2

3 | DATED:  November 22, 2021     **WOLFE & WYMAN LLP**

4

5 | By: /s/ Jennifer N. Yencarelli

6 | JENNIFER N. YENCARELLI
SAMANTHA L. WEINSTEIN

7 | **Attorneys for Defendant**
**HARMS SOFTWARE, INC., d/b/a**

8 | **MILLENNIUM SYSTEMS, INC.**

9 | **CERTIFICATE OF SERVICE**

10 | I hereby certify that on November 22, 2021, I electronically filed the foregoing

11 | using the CM/ECF system, which will send a notice of electronic filing to all counsel

12 | of record.

13 | DATED:  November 22, 2021     **WOLFE & WYMAN LLP**

14

15 | By: /s/ Jennifer N. Yencarelli

16 | JENNIFER N. YENCARELLI
SAMANTHA L. WEINSTEIN

17 | **Attorneys for Defendant**
**HARMS SOFTWARE, INC., d/b/a**
**MILLENNIUM SYSTEMS, INC.**

18

**DEFENDANT'S REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

4101761.1

**WOLFE & WYMAN LLP**
ATTORNEYS & COUNSELORS AT LAW