# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CULVER CLINIC DEVELOPMENT, INC. et al., Plaintiffs,<br><br>v.<br><br>HARMS SOFTWARE, INC. et al., Defendants. | CV 21-8374 DSF (GJSx)<br><br>Order DENYING Motion to Remand (Dkt. 22), DENYING Motion to Strike (Dkt. 21), and GRANTING in Part and DENYING in Part Motion to Dismiss (Dkt. 20) |

Plaintiffs move to remand this action to Los Angeles Superior Court.  Dkt. 22 (MTR).  Defendant Millennium Systems International, LLC, f/k/a Harms Software, Inc. (MSI) opposes.  Dkt. 30 (Remand Opp'n).

MSI moves to strike Plaintiffs' First Amended Complaint (FAC). Dkt. 21 (MTS).  Plaintiffs oppose.  Dkt. 31 (MTS Opp'n).  MSI also moves to dismiss Plaintiffs' FAC.  Dkt. 20 (MTD).  Plaintiffs oppose. Dkt. 32 (MTD Opp'n).

The Court deems these matters appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons stated below, Plaintiffs' motion to remand is DENIED, MSI's motion to strike the FAC is DENIED as moot, and MSI's motion to dismiss is GRANTED in part and DENIED in part.

# I. BACKGROUND

## A.    The Parties

Plaintiffs are California corporations with their principal places of business in Los Angeles County and Orange County, California. FAC ¶¶ 1-6.  Plaintiffs Culver Clinic, Santa Monica Clinic, and WMC Clinic are franchisees of ME SPE Franchising, LLC, previously doing business as Massage Envy Franchising LLC (Massage Envy).  Id. ¶ 16. Plaintiffs OC Clinic, Marina Clinic, and Redondo Clinic were franchisees of Massage Envy until they shut down their operations in 2020.  Id. ¶ 17.

MSI is a New Jersey corporation with its principal place of business in Parsippany, New Jersey; it conducts substantial business in the State of California.  Id. ¶ 7.  Defendants OC Development Group, LLC (OCDG) and Franchise Management Group, Inc. (FMG, and collectively with OCDG, the Regional Developers) are a California limited liability company[1] and corporation, respectively, with their principal places of business in Los Angeles County, California. Id. ¶¶ 8-9.

Plaintiffs originally filed this action in California Superior Court in Los Angeles County on February 24, 2021.  Id. ¶ 13.  On October 22, 2021, MSI removed this action based on diversity jurisdiction.  Id. ¶ 14.

## B.    Meevo Demonstrations

MSI owns, operates, markets, and distributes a point-of-sale product, service, or system known as "Meevo."  Id. ¶ 18.  Meevo is a "software as a service" for point-of-sale systems, inventory management, appointment and reservation booking management, employee and human resources management, business goals tracking, and daily task management.  Id. ¶ 19.  MSI has produced several in-person and online demonstrations of Meevo to Massage Envy and its

---

[1] Plaintiffs do not adequately state the citizenship of OCDG, but Defendants do not suggest it is other than a California citizen.

franchisees, including in-person demonstrations in 2018 and 2019 to Plaintiffs at their respective locations.  Id. ¶¶ 20, 22-24.

On September 28, 2018 Plaintiffs attended a Meevo presentation in Orange County, California.  Id. ¶ 29.  During that presentation, an MSI employee represented to Plaintiffs that Meevo would "transform their businesses" and would improve "point-of-sale transactions, charge dues and fees, process refunds and cancellations, conduct inventory management, book and manage appointments, provide employee and human resources data and payroll information and reports, communicate with clients, manage client and member information and transactions, coordinate and document clients' individual needs and requests, process and report franchise related payments . . . ."  Id.

On April 4, 2017, MSI set up a vendor booth in the Massage Envy annual franchisee meeting in Orlando, Florida.  Id. ¶ 30.  Several MSI employees, including John Harms, demonstrated to a representative of all Plaintiffs how to use Meevo.  Id.  Harms allegedly "represented that MSI's technology could safely, lawfully and adequately migrate the data from MSI's prior system (Millennium) to Meevo and implement Meevo with the Meevo Functions in Plaintiffs' businesses and the franchise network."  Id.

On April 25, 2018, MSI again participated in the Massage Envy annual franchisee meeting, which was held in Grapevine, Texas.  Id. ¶ 31.  Harms again demonstrated to Plaintiffs' representative how to use Meevo and represented it could safely, lawfully, and adequately migrate the data from Millennium to Meevo and implement Meevo with Plaintiffs' businesses and "further falsely represented to Plaintiffs that Meevo would improve their business operations and sales, and improve functionality in their management reporting and service."  Id.

Plaintiffs also allege "MSI falsely represented that by subscribing to Meevo, the Plaintiffs' businesses would realize substantial improvements in revenue."  Id. ¶ 32.

## C.    Plaintiffs' Use of Meevo

Plaintiffs allege they "executed a Subscription Agreement with MSI for Meevo and MSI products and services." Id. ¶ 33.  Plaintiffs pay monthly fees to Massage Envy for use of Meevo services, products, and support, which Massage Envy then remits to MSI per the Subscription Agreement.  Id. ¶ 34.  In late February 2019, Plaintiffs closed their locations for three days to begin implementation of Meevo on February 26, 2019 (the Launch).  Id. ¶ 36.  Soon after the Launch, "Plaintiffs began to encounter significant and serious defects, malfunctions, and irregularities with Meevo."  Id. ¶¶ 37-38.  As a result, Plaintiffs have encountered issues with their clients, including cancellations, negative feedback, increased expenses, loss of reputation, and loss of goodwill. Id. ¶ 39.  Plaintiffs also lost substantial revenue and business.  Id. ¶ 43.

Plaintiffs' FAC asserts causes of action against MSI for (1) violation of Cal. Bus. & Prof. Code §§ 17500 et seq. (California's False Advertising Law (FAL)); (2) negligent misrepresentation; (3) breach of written contract; (4) breach of implied covenant of good faith and fair dealing; (5) breach of implied warranty of merchantability; (6) breach of implied warranty of fitness for a particular purpose; (7) unjust enrichment in the alternative; and (8) professional negligence. Id. ¶¶ 50-96.

The FAC also asserts a cause of action against the Regional Developers for negligence.  Id. ¶¶ 97-101.  The Regional Developers were named as defendants in this action for the first time in the FAC. Id. ¶ 15.

## II. LEGAL STANDARD

### A.    Removal

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case may be removed on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and the

plaintiff and defendant are citizens of different states.  28 U.S.C. § 1332(a).  But cases may not be removed on the basis of diversity of citizenship "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).

"The defendant bears the burden of establishing that removal is proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  Generally, doubts as to removability are resolved in favor of remanding the case.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## B.    Motion to Strike

A district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  In considering a motion to strike, the court must view the pleading under attack in the light most favorable to the non-moving party.  Robinson v. Managed Accounts Receivable Corp., 654 F. Supp. 2d 1051, 1065 (C.D. Cal. 2009).  Therefore, "motion[s] to strike should not be granted unless the court is convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim succeed."  Id. (citation omitted).

## C.    Motion to Dismiss

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  However, a court is "not bound to accept as

5

true a legal conclusion couched as a factual allegation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> (alteration in original) (quoting <u>Twombly</u>, 550 U.S. at 557).  A complaint must "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.  There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679 (alteration in original) (citation omitted).

Under Federal Rule of Civil Procedure 9(b), fraud claims must be pleaded with particularity. <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1126 (9th Cir. 2009).  "[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction." <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).  Fraud allegations must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal punctuation omitted)).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).

# III. DISCUSSION

Plaintiffs contend the Court should remand this action because joinder of the Regional Developers has destroyed complete diversity, and the Court therefore no longer has subject matter jurisdiction. MTR at 3-4.

## A.     Amendment After Removal Was Permissible

MSI argues Plaintiffs should have sought leave to amend their complaint to add new defendants because Federal Rule of Civil Procedure 15(a) is inapplicable, and the Court should instead apply 28 U.S.C. § 1447(e). Remand Opp'n at 6-7.

Rule 15(a) provides:

A party may amend its pleading once as a matter of course within:

> (A) 21 days of serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment. MSI misconstrues Rule 15(a) as allowing a party to amend within 21 days of serving the pleading or 21 days after service of a responsive pleading, whichever is earlier – essentially, Rule 15(a)(1)(A) or (a)(1)(B). MTS at 6. But the plain language of Rule 15(a) indicates the modifier "whichever is earlier" refers to the options within Rule 15(a)(1)(B) itself – "service of a responsive pleading" or "service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B). Therefore, Plaintiffs were permitted under Rule 15(a) to amend their

complaint if they did so within 21 days after service of a responsive
pleading or motion to dismiss.

MSI moved to dismiss Plaintiffs' original complaint on October
29, 2021.  Dkt. 12.  Plaintiffs filed the FAC on November 19, 2021,
exactly 21 days after service of MSI's motion to dismiss.  Dkt. 17.
Plaintiffs therefore complied with the requirements of Rule 15(a) and
properly exercised their right to amend as a matter of course.[2]

MSI cites <u>Williams v. Costco Wholesale Corp.</u>, 471 F.3d 975 (9th
Cir. 2006) for the proposition that a plaintiff cannot destroy diversity
jurisdiction by amending a complaint post-removal.  Remand Opp'n at
5.  But <u>Williams</u> does not assist Defendants.  There, the addition of
parties gave the Court an independent basis for jurisdiction; it did not
destroy jurisdiction.  <u>Id.</u> at 976-77.

Even though Plaintiffs have properly joined the Regional
Developers, the Court's analysis does not end there.  Though the issue
is not free from doubt, the Court finds that – pursuant to § 1447(e) – it
has discretion to reject Plaintiffs' joinder by amendment.  <u>See</u> <u>Garcia v.
Welltower OpCo Grp. LLC</u>, 522 F. Supp. 3d 734, 745 (C.D. Cal. 2021)
(recognizing "a split within the Ninth Circuit concerning whether Rule
15(a) or 28 U.S.C. § 1447(e) governs newly amended complaints after
removal with a non-diverse defendant."); <u>McGrath v. Home Depot USA,
Inc.</u>, 298 F.R.D. 601, 606 (S.D. Cal. 2014) (acknowledging split of
authorities within Ninth Circuit as to whether § 1447(e) or Rule 15(a)
applies and following <u>Clinco v. Roberts,</u> 41 F. Supp. 2d 1080 (C.D. Cal.
1999) and applying § 1447(e)); <u>Hardin v. Wal-Mart Stores, Inc.</u>, 813 F.
Supp. 2d 1167, 1173 (E.D. Cal. 2011) ("Plaintiffs may not circumvent 28
U.S.C. § 1447(e) by relying on Fed. Rule Civ. Proc. 15(a) to join non-
diverse parties.").

The Court finds it unlikely that Congress meant for district
courts to have discretion to retain or remand cases based on the
fortuity of the timing of the amendment joining non-diverse defendants

---

[2] Each side's accusations against the other were not helpful advocacy.

(in this case, the difference of one day).  Therefore, it finds the issue should be analyzed pursuant to § 1447(e) even though the amendment was permissible pursuant to Rule 15(a).  See Meggs v. NBCUniversal Media, LLC, No. 2:17-cv-03769-ODW (RAOx), 2017 WL 2974916, at *3 (C.D. Cal. July 12, 2017).  Because joinder of the Regional Developers would destroy subject matter jurisdiction, and Plaintiffs did not name them as defendants until after this action was removed to this Court, this Court may exercise its discretion to either deny joinder, or to permit joinder and remand the action.  See 28 U.S.C. § 1447(e).

## B.  Denial of Joinder is Appropriate

"The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).  "[A] district court must scrutinize an attempted diversity-destroying amendment to ensure that it is proper . . . ."  Clinco, 41 F. Supp. 2d at 1087.

Courts within the Ninth Circuit consider the following six factors in determining whether to permit joinder under § 1447(e): (1) whether the new defendants should be joined under Rule 19(a); (2) "whether the statute of limitations would preclude an original action against the new defendants in state court"; (3) "whether there has been unexplained delay in requesting joinder"; (4) "whether joinder is intended solely to defeat federal jurisdiction"; (5) "whether the claims against the new defendant appear valid"; and (6) "whether denial of joinder will prejudice the plaintiff."  Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000); see also, e.g., Meggs, 2017 WL 2974916, at *3 (applying Palestini factors following amendment of a complaint as a matter of right following removal).[3]

---

[3] MSI cites to and applies a similar test from Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015).  The Murphy test is identical to the one in Palestini except that it includes three additional factors: the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the

### 1.    Rule 19(a)

The Court first considers whether the parties Plaintiffs seek to join are required parties within the meaning of Rule 19(a), which provides: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" if certain conditions are met.  Fed. R. Civ. P. 19(a). The Regional Developers are not required parties because their joinder deprives the Court of subject matter jurisdiction.  This factor weighs against joinder.

### 2.    Statute of Limitations

The Court next considers whether the statute of limitations would bar Plaintiffs' claims against the Regional Developers. Defendants state that "there does not appear to be a statute of limitations issue in this case."  Remand Opp'n at 9.  Plaintiffs contend the applicable statutes of limitations would preclude an original action against the Regional Developers in state court because the negligence cause of action against them has a two-year statute of limitations and is based on the "preparation and rollout of Meevo" on February 19, 2019.  MTR at 13.  Additionally, Plaintiffs contend that "[o]ut of the three main allegations against the Regional Developers, two of them are based on events that pre-date the February 2019 Meevo launch, while the third one encompasses a number of instances from March 2019 through December 2019" – meaning an original action in state court against the Regional Developers would be based on actions taken more than two years prior to filing of that suit.  See id.

It is unclear from the FAC whether all of Plaintiffs' allegations against the Regional Developers involve conduct occurring outside the limitations period.  Plaintiffs assert the Regional Developers breached

---

pending action.  Murphy, 74 F. Supp. 3d at 1278.  Because the Court finds the Palestini factors favor denial of joinder, the Court declines to address the additional Murphy factors, which appear also to weigh against joinder.

their legal duties to Plaintiffs "by failing to alert Plaintiffs of the ongoing issues with Meevo they were aware of pre-launch, by pushing Plaintiffs to switch to the Meevo POS knowing full well that the system did not operate as initially promised by MSI, and by failing to support Plaintiffs after the disastrous Meevo Launch." FAC ¶ 99. Plaintiffs also allege they suffered financial losses, three of the Plaintiffs were forced to shut down in 2020, and "Regional Developers' negligence was a substantial factor in causing Plaintiffs' harm." Id. ¶ 100. These allegations suggest the Regional Developers engaged in conduct harming Plaintiffs through at least 2020.

Because the FAC's allegations are unclear, the Court finds this factor is neutral as to whether joinder is appropriate.

### 3.    Unexplained Delay

Under the third factor, the Court considers whether there was any unexplained delay between the filing of the initial complaint and the amended complaint. In evaluating this factor, courts look to whether the "moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990).

Plaintiffs filed the original complaint in state court on February 24, 2021, Dkt. 1-1, and did not file the FAC until November 19, 2021, Dkt. 17. Plaintiffs do not explain the delay of more than eight months, and instead urge the Court to consider only the time between removal and amendment in determining whether Plaintiffs' amendment was timely. MTR at 14. They cite no persuasive authority. Moreover, Plaintiffs allege that "Plaintiffs, as franchisees inside of the Regional Developers' territories, were directed by their respective Regional Developers to reach out to their respective Regional Developer with any issues they may have after implementation. This was communicated to the Los Angeles County Plaintiffs by Helen McDonagh, acting on behalf of Defendant FMG, and to OC Clinic by Carol Warren, acting on behalf of Defendant OCDG." FAC ¶ 49. These allegations suggest Plaintiffs were aware of – or should have known – the identity of the Regional

Developers responsible for each of Plaintiffs' franchises.  This factor weighs against joinder.

### 4.    **Purpose of Joinder**

The Court next considers whether the purpose of joinder is to defeat federal court jurisdiction.  "[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980).  "[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court."  Id.  "In such cases, a plaintiff may well be inclined to add a new defendant only to have his action remanded to the state forum, the one that he had originally chosen as best suited to his purposes."  Id.

On July 12, 2021, counsel for MSI issued a third-party subpoena to Massage Envy, requesting financial records that would establish the amount in controversy requirement needed for federal diversity jurisdiction.  Dkt. 30-1 (Yencarrelli Decl.) ¶ 8, Ex. 2 at 2.  On July 22, 2021, counsel for MSI notified counsel for Plaintiffs she intended to remove the action to federal court.  Id. ¶ 9.  On October 4, 2021, counsel for MSI notified counsel for Plaintiffs that she had received the requested documents from Massage Envy, which gave MSI "the basis for removal."  MTR at 4.  On October 21, 2021, Plaintiffs' counsel notified MSI's counsel that he intended to amend Plaintiffs' complaint such that it would destroy complete diversity.  Id. at 4-5.  The close proximity between MSI's notification that it was able to establish diversity jurisdiction and intended to remove the case and Plaintiffs' notification of their intent to amend the complaint suggests the primary purpose of joinder was to evade federal court jurisdiction – even if Plaintiffs ultimately are found to have a valid claim against the Regional Developers.

This factor weighs against joinder.

### 5.     Valid Claims

Under the fifth factor, the Court considers whether Plaintiffs' claims appear to be valid.  Plaintiffs argue their negligence claim against the Regional Developers is valid "because Plaintiffs sufficiently alleged facts in support of all the elements for such a cause of action . . . ."  MTR at 15.  In opposition, MSI argues the Regional Developers were not mentioned in the prior discovery while the action was in state court, and it "suspects the claims against the regional developers are barred by Plaintiffs' franchise agreement with Massage Envy, which Plaintiffs have not produced in this case."  Remand Opp'n at 14.

As the Court cannot resolve the issue, it finds this factor is neutral.

### 6.     Prejudice to Plaintiffs

Finally, the Court considers whether denial of joinder will prejudice Plaintiffs.  Plaintiffs argue they will be prejudiced by denial of joinder because "the statute of limitations for a negligence cause of action would now preclude an original action against the Regional Developers in state court, or at least severely limit Plaintiffs' recovery under such a cause of action as to render it meaningless."  MTR at 15.  As explained above, Plaintiffs' allegations concerning whether the statute of limitations would limit or preclude Plaintiffs' actions against the Regional Developers are unclear.  Plaintiffs also argue denial of joinder will "reward" MSI for "forum shopping."  Id.  Plaintiffs further contend they would have had until October 22, 2021 to file an amended complaint in the state court action had MSI not removed the action, but this does not constitute prejudice.  See id.  MSI argues Plaintiffs will not be prejudiced by a denial of joinder because they can pursue a separate action against the Regional Developers in state court and can obtain complete relief in this action even if the Regional Developers are not joined as defendants.  Remand Opp'n at 15.  MSI concedes Plaintiffs may be slightly prejudiced by pursuing two actions with overlapping facts, id., but the Court finds this does not outweigh the balance of the remaining factors, which favor denial of joinder.

Obviously, MSI prefers to litigate in federal court – as do all defendants who remove cases.  But this is not what is typically referred to as forum-shopping; it is the exercise of a right provided by federal law.

The Court DENIES Plaintiffs' motion to remand.  The Regional Developers and Plaintiffs' claim against them for negligence are stricken from the FAC.  Joinder is denied.

## C.     Motion to Strike

MSI asks the Court to strike the FAC, or in the alternative, the Regional Developers, and the claim against them from the FAC because the Regional Developers were joined as defendants without leave of court.  MTS at 5-6.  As discussed above, Plaintiffs filed the FAC as a matter of right, so the Court declines to strike Plaintiffs' entire FAC.

## D.     Motion to Dismiss

### 1.     Unopposed Request for Judicial Notice

MSI asks the Court to take judicial notice of the "Software as a Service Agreement" (Software Agreement) between MSI and Massage Envy.  Dkt. 20-2.

Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Judicial notice of the Software Agreement is not appropriate.  In re LDK Solar Sec. Litig., 584 F. Supp. 2d 1230, 1239 (N.D. Cal. 2008) ("Ordinarily evidentiary material[s] . . . are not proper subjects of judicial notice.").  Nor is it appropriate through the incorporation by reference doctrine.  "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.  The court may treat such a document as part of the complaint,

and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (simplified).  Plaintiffs do not refer to the Software Agreement in the FAC, and therefore the first prong of the incorporation by reference test is not satisfied.

The Court declines to consider the Software Agreement for purposes of this Order.  MSI's request for judicial notice is DENIED.

### 2.   False Advertising Law (Claim 1)

"The FAL makes it unlawful for any person to 'induce the public to enter into any obligation' based on a statement that is 'untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.'"  Great Pac. Sec. v. Barclays Cap., Inc., 743 F. App'x 780, 783 (9th Cir. 2018) (citing Cal. Bus. & Prof. Code § 17500).

False advertising laws "prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public."  Williams v. Gerber Prod. Co., 552 F.3d 934, 938 (9th Cir. 2008) (internal punctuation omitted) (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 951 (2002)).  "A perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable . . . ."  Day v. AT&T Corp., 63 Cal. App. 4th 325, 332-33 (1998).  "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss because it] . . . requires 'consideration and weighing of evidence from both sides.'"  Gerber, 552 F.3d at 938-39 (quoting Linear Tech. Corp. v. Applied Materials, Inc., 152 Cal. App. 4th 115, 134-35 (2007)).

To state a claim under the FAL, Plaintiffs must plausibly allege facts showing that the advertisement in question would mislead a reasonable consumer.  Gerber, 552 F.3d at 938.  The reasonable consumer standard "requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting

reasonably in the circumstances, could be misled.'" Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (citing Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496 (2003)).

Plaintiffs must also plead their FAL claim with allegations that satisfy Rule 9(b)'s particularity standard. Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 964 (9th Cir. 2018) (stating FAL, CLRA, and UCL claims are "grounded in fraud" and must meet Rule 9(b) requirements). To satisfy this standard, "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011).

Plaintiffs have not satisfied this exacting standard, nor have they alleged facts showing that MSI knew or should have known its statements were deceptive.  Plaintiffs merely state "MSI knew or should have known that Meevo and the Meevo Implementation did not and could not perform as advertised" and "[t]he statements made by MSI's representatives, including Harms, concerning Meevo and the Meevo Implementation and other products and services to each of the Plaintiffs were false or had a tendency to deceive or confuse the Plaintiffs.  MSI's representatives, including Harms, made these statements with the intention to deceive Plaintiffs and to commit a fraud on Plaintiffs."  FAC ¶¶ 52-53.  These conclusory statements do not plead with particularity why or how MSI knew or should have known at the time of those statements that its product would not perform as advertised.

Plaintiffs' FAL claim is DISMISSED with leave to amend.

### 3.    Negligent Misrepresentation (Claim 2)

The elements of a claim for negligent misrepresentation are: (1) misrepresentation, including concealment or nondisclosure; (2) misrepresentation of fact by a person who has no reasonable grounds for believing it to be true; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages.  Chapman v. Skype

Inc., 220 Cal. App. 4th 217, 230-31 (2013).  Claims for negligent misrepresentation – as claims grounded in fraud – are subject to the heightened pleading requirements of Rule 9(b) and must be pleaded with particularity.  Avakian v. Wells Fargo Bank, N.A., 827 F. App'x 765, 766 (9th Cir. 2020) (holding "claims for unfair business practices, intentional misrepresentation, fraud, and negligent misrepresentation are all fraud-based claims, and must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.").

As described above, Plaintiffs have not pleaded that MSI knew or should have known its statements were false, and therefore did not plausibly plead the statements were made by a person who had no reasonable grounds to believe the statements were true, as required for Plaintiffs' negligent misrepresentation claim.

Plaintiffs' negligent misrepresentation claim is DISMISSED with leave to amend.

### 4.    Breach of Contract (Claim 3)

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).  "The wrongful, i.e., the unjustified or unexcused, failure to perform a contract is a breach."  1 Witkin, Summary of Cal. Law § 872 (11th ed. 2018).

"To be enforceable under California law, a contract must be sufficiently definite for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached."  Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 789 (9th Cir. 2012) (internal quotation marks omitted).  "The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy."  Id. at 789.

MSI argues Plaintiffs' breach of contract fails to state a claim because Plaintiffs have not alleged the existence of a written contract. MTD at 5. Plaintiffs alleged they "executed a Subscription Agreement with MSI for Meevo and MSI products and services." FAC ¶ 33, Ex. 1 (Subscription Agreement). MSI contends the Subscription Agreement was between Plaintiffs and Massage Envy, not Plaintiffs and MSI. MTD at 6. The Subscription Agreement states that it "establishes the terms and conditions under which the Massage Envy franchised location and franchisee (collectively, 'you') are permitted to access and use Harms Software, Inc. (dba Millennium Systems International ('MSI') Meevo products and services . . . ." FAC Ex. 1 at 1. The Subscription Agreement also states, "You understand and agree that MSI is a third-party beneficiary to this Agreement and is entitled to the rights and benefits hereunder and may enforce the provisions hereof as if it were a party thereto." Id. at 2.

Plaintiffs allege MSI breached the Subscription Agreement by "failing to produce and deliver the products and services and by failing to perform its obligations and duties as agreed or as promised." FAC ¶ 66. Specifically, Plaintiffs allege: (1) "MSI agreed that the Meevo Implementation would work effectively and adequately after a 3-day period of shut-down and that Plaintiffs' data and information would be properly migrated from the prior MSI product (Millennium) to the new product, Meevo"; (2) "MSI agreed to provide Meevo consistency across the franchise network, provide a better experience for members and guests and improve the Plaintiffs' businesses"; and (3) "MSI agreed to provide and support Meevo, including without limitation, the Meevo Functions, the Meevo Implementation for Plaintiffs and their businesses." Id. ¶¶ 62-64. But the Subscription Agreement does not on its face contain any of these terms.

Plaintiffs have not alleged any other statements about the alleged contract with Plaintiffs and MSI other than that "the Subscription Agreement was signed by Plaintiffs in California" and "Plaintiffs each pay monthly fees to MSI for Meevo services, products, and support. Under Section 4 of the SA, '[p]ayment for [Plaintiffs'] Subscription Agreement is made through Massage Envy Franchising,'

18

who then remits the payment to MSI." FAC ¶¶ 34-35. These facts alone do not plausibly allege a contract with MSI. And while Plaintiffs argue in their opposition to MSI's motion to dismiss that they entered into a contract with MSI because MSI drafted the Subscription Agreement, MTD Opp'n at 9, this allegation does not appear anywhere in the FAC. Plaintiffs do not allege the existence and breach of any other written contract between Plaintiffs and MSI and therefore have not plausibly alleged the first requirement of their breach of contract claim.

Plaintiffs' breach of contract claim is DISMISSED with leave to amend.

### 5.      Abandoned Claims (Claims 4-6)

Plaintiffs have abandoned their claims for breach of implied covenant of good faith and fair dealing, implied warranty of merchantability, and implied warranty of fitness for a particular purpose by failing to address them in their opposition to MSI's motion to dismiss. See Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 888-89 (9th Cir. 2010) (dismissing claims without leave to amend that were not mentioned in opposition to motion to dismiss).

Plaintiffs' claims for breach of implied covenant of good faith and fair dealing, implied warranty of merchantability, and implied warranty of fitness of purpose are DISMISSED without leave to amend.

### 6.      Unjust Enrichment (Claim 7)

Contrary to MSI's contention, see MTD at 17, California law provides for an independent claim for unjust enrichment, Hartford Casualty Insurance Co. v. J.R. Marketing, LLC, 61 Cal. 4th 988 (2015) (ruling on standalone unjust enrichment claim); see also Bruton v. Gerber Prod. Co., 703 F. App'x 468, 470 (9th Cir. 2017) ("[T]he California Supreme Court has clarified California law, allowing an independent claim for unjust enrichment to proceed[.]").

A plaintiff can plead alternative causes of action in a complaint, even if the theories of liability are inconsistent. See Fed. R. Civ. P.

8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); see also Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003, 407 F. Supp. 3d 1016, 1046 (D. Haw. 2019) (noting that unjust enrichment was pled "in the alternative to Plaintiff's contract-based claim") (internal quotation marks omitted). Plaintiffs have pled their unjust enrichment claim in the alternative. See FAC at 15.

"When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015) (citing Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal. App. 4th 221, 231 (2014)). The Court therefore construes Plaintiffs' unjust enrichment claim as one for restitution.

However, Plaintiffs' claim fails because they failed to plead the absence of an enforceable contract and instead incorporate by reference all of the preceding allegations. FAC ¶ 87; Klein v. Chevron U.S.A., Inc., 202 Cal. App. 4th 1342, 1389 (2012) (holding consumers could not maintain unjust enrichment claim based on what they alleged were enforceable contractual relationships, where their unjust enrichment claim did not deny the existence or enforceability of the agreements); see also Nguyen v. Stephens Inst., 529 F. Supp. 3d 1047, 1057 (N.D. Cal. 2021) (dismissing unjust enrichment claim because plaintiff alleged an enforceable contract existed but failed to allege the same contract was unenforceable or void, citing Klein); Saroya v. Univ. of the Pac., 503 F. Supp. 3d 986, 999 (N.D. Cal. 2020) (same); Schertzer v. Bank of Am., N.A., 489 F. Supp. 3d 1061, 1077 (S.D. Cal. 2020) (same). Because Plaintiffs did not plead the absence of an enforceable contract with respect to their unjust enrichment claim, they are precluded from asserting that claim.

Plaintiffs' unjust enrichment claim is DISMISSED with leave to amend.

### 7.     Professional Negligence (Claim 8)

MSI argues Plaintiffs' professional negligence claim necessarily fails because it is based entirely on Plaintiffs' deficient breach of contract claim.  The Court disagrees.

To establish a claim for professional negligence, Plaintiffs must plausibly plead (1) "the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise"; (2) "a breach of that duty"; (3) "a proximate causal connection between the negligent conduct and the resulting injury"; and (4) "actual loss or damage resulting from the professional's negligence." In re Daisy Sys. Corp., 97 F.3d 1171, 1175 (9th Cir. 1996). Plaintiffs alleged in the FAC that MSI had a duty to use "accepted standards for skill, prudence and diligence" governing the software development industry, and that MSI "failed to adhere to, work pursuant to, employ and utilize this standard skill, prudence and diligence in designing, configuring, coding, testing, building and implementing the Meevo Launch; in managing the Meevo Implementation; and in identifying, managing and mitigating risk on the Meevo Implementation." FAC ¶ 93.  Plaintiffs alleged MSI breached the duty, referring to the prior allegations in the FAC "as well as delivering a defective software system caused by a failure to use basic quality controls that are accepted in the software development industry." Id.  Plaintiffs further alleged MSI knew "Plaintiffs and the other franchisees would suffer harm if those services and the software solution were provided negligently" and that it was "reasonably foreseeable that Plaintiffs' losses would include loss of revenue, loss of customers, loss of reputation, impairments to Plaintiffs' operational efficiency, and the continued costs of maintaining Meevo." Id. ¶ 94. Finally, Plaintiffs alleged MSI's breach of its alleged duty "resulted in damages to Plaintiffs, including the fees Plaintiffs paid for Meevo, and are still paying to-date" and that Plaintiffs "suffered additional losses due to losing customers who were wronged by Meevo, lost profits due to Meevo malfunctions, loss of reputation, majorly impaired operational efficiency of Plaintiffs' stores, and the continuing cost of maintaining

Meevo and continually correcting its shortcomings." Id. ¶ 95.  These allegations are sufficient to plausibly plead a claim of professional negligence.

The Court DENIES MSI's motion to dismiss Plaintiffs' professional negligence claim.

## IV. CONCLUSION

Plaintiffs' motion to remand is DENIED.  The Regional Developers and the negligence claim against them are stricken from the FAC.  MSI's motion to strike is DENIED as moot.  MSI's motion to dismiss is GRANTED in part and DENIED in part.  The Court dismisses with leave to amend Plaintiffs' claims for violation of the FAL, negligent misrepresentation; breach of written contract, and unjust enrichment.  The Court dismisses without leave to amend Plaintiffs' abandoned claims for breach of implied covenant of good faith and fair dealing, implied warranty of merchantability, and implied warranty of fitness of purpose.  The Court DENIES MSI's motion to dismiss as to Plaintiffs' claim for professional negligence. Should Plaintiffs choose to file an amended complaint, it must be filed and served no later than January 31, 2022.  Failure to file by that date will waive the right to do so.  The Court does not grant leave to add new defendants or new claims.  Leave to add new defendants or new claims must be sought by a separate, properly noticed motion.

IT IS SO ORDERED.

Date: January 7, 2022

Dale S. Fischer
United States District Judge

22